**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                      **Case No: 5:15-cv-168-Oc-37PRL**

**DOUGLAS M. SNYDER**

    **Defendant.**

# REPORT AND RECOMMENDATION[1]

In this student loan debt case the United States seeks the entry of a default judgment pursuant to Fed. R. Civ. P. 55(b) against the Defendant.

Plaintiff filed the instant action to collect on a student loan debt owed to the United States, alleging unpaid principal of $2,625.14, accrued interest of $4,918.14, and additional interest accruing at a rate of 9% per year, or $0.65 per day. (Doc. 8). Defendant was individually served with the summons and Complaint (Doc. 4) and failed to answer or respond. The Clerk entered a default pursuant to Fed. R. Civ. P. 55(a) (Doc. 7), and this motion follows.

The effect of the entry of a default is that all of the factual allegations in the complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

- 2 -

(11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Fed. R. Civ. P. Rule 55(b)(2).

Here, Plaintiff has set forth a claim for an unpaid student loan, complete with the amount of damages sought and rate of interest accruing, and, by virtue of the default, Plaintiff has admitted to the same. According to the papers Plaintiff filed, as of May 22, 2015, Defendant owes Plaintiff a total sum of $7,543.28, plus interest at the rate of 9% per year from this date until entry of judgment; costs of suit in the amount of $50 for service and travel; and $880 in attorney's fees.[2]

Upon review of the exhibits filed (Doc. 8, pp. 6-15) and the uncontested allegations in the Complaint, it is respectfully recommended that Plaintiff's Motion for Default Judgment be **GRANTED**, and a default judgment be entered in the following amounts:

      1.      For principal in the amount of $2,625.14, plus interest in the amount of $4,918.14, as of May 22, 2015. Interest accrues on the total principal amount of this debt at the rate of 9% per year, a daily rate of $0.65, until the date of judgment;

      2.      For interest from the date of judgment at the legal rate until paid in full; and,

      3.      For such other costs of litigation otherwise allowed by law, including $50 for service and travel, and $880 in attorney's fees.

---

[2] Costs such as filing and service of process fees are properly awardable under 28 U.S.C. § 1920, and attorney's fees are awardable under 20 U.S.C. § 1071 *et seq*.

- 3 -

**RECOMMENDED** in Ocala, Florida on June 2, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties